JUDGMENT 10 CV 8574

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

STELA NICORA,

                                Plaintiff,

               -against-

THE CITY OF NEW YORK, MACY'S, INC., doing
business as Macy's Department Store at Herald Square,
MACY'S STORE DETECTIVE TYINA COOPER,
MACY'S STORE DETECTIVE SUPERVISOR JOHN
DOE and NEW YORK CITY POLICE OFFICER JOSEPH
PUGLIA, NEW YORK CITY POLICE OFFICER JOHN
DOES 1-5 and NEW YORK CITY POLICE SERGEANT
RICHARD ROE (names and number of whom are
unknown at present, and other unidentified members of the
New York City Police Department),

                             Defendants.

------------------------------------------------------------------ x

**10 CIV.**

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**



RECEIVED
NOV 1 2 2010
U.S.D.C. S.D. N.Y.
COMPLETED

## PRELIMINARY STATEMENT

1.      This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while attempting to lawfully shop at the Macy's Department Store at Herald Square, located at 151 West 34th Street, New York, New York was unlawfully arrested by Macy's Store Detectives employed by Macy's Department Store at Herald Square and by New York City Police Officers employed by the New York City Police Department. Plaintiff was deprived of her constitutional and common law rights when the individual defendants unlawfully confined plaintiff, caused the unjustifiable arrest of plaintiff,

and unlawfully searched plaintiff's cellular phone.   Additionally, Macy's Store Detectives employed by Macy's Department Store at Herald Square violated plaintiff's Fourteenth Amendment Due Process Rights when they unlawfully coerced her to pay five times the amount of the value of the clothing she was wrongfully accused of stealing before the allegations were adjudicated by a court.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.      The plaintiff Stela Nicora further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5.      Plaintiff Stela Nicora is a resident of the County of New York, State of New York.

6.      New York City Police Officer Joseph Puglia, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

- 2 -

7.     On the date of incident, April 6, 2010, Police Officer Joseph Puglia was assigned to Midtown Precinct South.

8.     Police Officer Joseph Puglia is being sued herein in his individual capacity and official capacity.

9.     New York City Police Officers John Does # 1-5 are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

10.     On the date of the incident, New York City Police Officers John Does 1-5 were assigned to Midtown Precinct South.

11.     New York City Police Officers John Does 1-5 are being sued in their individual capacity and official capacity.

12.     New York City Police Sergeant Richard Roe is and was at all times relevant herein a sergeant, employee, and agent of the New York City Police Department.

13.     On the date of the incident, New York City Police Sergeant Richard Roe was assigned to Midtown Precinct South.

14.     New York City Police Sergeant Richard Roe is being sued in his individual capacity and official capacity.

15.     At all times relevant herein, the individual New York City Police Officer and Sergeant defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and

incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

16.     Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

17.     Defendants Macy's, Inc., doing business as Macy's Department Store at Herald Square, was and is an Ohio Corporation authorized to do business in the State of New York with its principal place of business in New York County.

18.     Defendant Macy's Store Detective Tyina Cooper is and was at all times relevant herein a store detective, employee, and agent of defendant Macy's, Inc.

19.     Defendant Macy's Store Detective Tyina Cooper is being sued in her individual capacity.

20.     Defendant Macy's Store Detective Supervisor John Doe is and was at all times relevant herein a store detective, supervisor, employee, and agent of defendant Macy's, Inc.

21.     Defendant Macy's Store Detective Supervisor John Doe is being sued in his individual capacity.

22.     At all times relevant herein, defendants Macy's Store Detective Tyina Cooper and Store Detective Supervisor John Doe were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of

defendant Macy's, Inc., and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

23.     Defendants Macy's Store Detective Tyina Cooper and Store Detective Supervisor John Doe acted in concert with defendants New York City Police Officer Joseph Puglia, NYPD Police Officers John Does 1-5, and NYPD Police Sergeant Richard Roe to deprive plaintiff of her constitutional rights.

24.     Defendants New York City Police Officer Joseph Puglia, NYPD Police Officers John Does 1-5, and NYPD Police Sergeant Richard Roe arrested plaintiff based solely on the word of defendants Macy's Store Detective Tyina Cooper and Store Detective Supervisor John Doe, without conducting an independent inquiry and conspired with defendants Macy's Store Detective Tyina Cooper and Store Detective Supervisor John Doe to arrest plaintiff for crimes she did not commit.

25.     At all times relevant herein, defendants Macy's Store Detective Tyina Cooper and Store Detective Supervisor John Doe were acting for and on behalf of defendant Macy's, Inc., with the power and authority vested in them as officers, agents and employees of defendant Macy's, Inc. and incidental to the lawful pursuit of their duties as detectives, supervisors, employees and agents of defendant Macy's, Inc.

## STATEMENT OF FACTS

26.     On April 6, 2010 at approximately 11:00 a.m., plaintiff Stela Nicora, a 20 year old female, was legally shopping for clothes at Macy's Department Store at Herald Square located at 151 West 34th Street, New York, New York (hereinafter "Macy's").

27.     Plaintiff Stela Nicora was enrolled in college and went shopping during a break between her classes.  After shopping, she was scheduled to return to school and attend afternoon classes.

28.     While shopping at Macy's, plaintiff removed two shirts from a rack located on the fourth floor of the store.

29.     Thereafter, plaintiff tried the shirts on in a fitting room located on the fourth floor.

30.     Plaintiff was uncertain whether she wanted to purchase the shirts after she tried them on.

31.     Therefore, plaintiff carried the shirts with her upon leaving the dressing room.

32.     Plaintiff also intended to shop at Macy's that day for a dress to wear to an upcoming celebration.

33.     The dresses were located in Macy's, on a different floor than the floor plaintiff tried on the two shirts.

34.     Plaintiff walked to an escalator which she believed would take her to the floor with the dresses. Plaintiff carried the two shirts she tried on in the fitting room with her and she was still uncertain about whether she was going to purchase them.

35.     At approximately 11:20 a.m. on April 6, 2010, as plaintiff proceeded on an escalator towards the floor where she believed the dresses were located, plaintiff was stopped by defendant Macy's Store Detective Tyina Cooper who identified herself as Macy's Security.

36.     Defendant Macy's Store Detective Tyina Cooper ordered plaintiff Stela Nicora to come with her.

37.     Defendant Macy's Store Detective Tyina Cooper advised plaintiff Stela Nicora that she was being arrested for shoplifting.

38.     Plaintiff was locked in a holding cell located in Macy's by Defendant Macy's Store Detective Tyina Cooper.

39.     Plaintiff was not free to leave the holding cell.

40.     Defendant Macy's Store Detective Tyina Cooper then spoke to her supervisor defendant Macy's Store Detective Supervisor John Doe and advised her of what had transpired.

41.     Defendant Macy's Store Detective Tyina Cooper and defendant Macy's Store Detective Supervisor John Doe coerced plaintiff to pay the store five times the value of the two shirts plaintiff was carrying.

42.     Defendant Macy's Store Detective Tyina Cooper and defendant Macy's Store Detective Supervisor John Doe told plaintiff that if she did not pay Macy's five times the value of the shirts then the Criminal Court would look unfavorably on her case and she would likely receive a harsher sentence.

43.     Defendant Macy's Store Detective Tyina Cooper and defendant Macy's Store Detective Supervisor John Doe would not permit plaintiff Stela Nicora to make any phone calls before deciding whether to pay them five times the value of the shirts.

44.     Plaintiff Stela Nicora was coerced into paying five times the value of the two shirts she was carrying without receiving due process regarding the false allegations the Macy's Store Detectives made against plaintiff.

45.     There were no signs posted in Macy's that directed customers not to take merchandise from one section of the store to another, nor were there any signs posted that directed customers not to take merchandise from one floor to another.

46.     At no time did plaintiff leave the store with Macy's merchandise that was not paid for.

47.     At no time did plaintiff attempt to leave the store with Macy's merchandise that was not paid for.

48.     At no time did plaintiff remove any security tags from the shirts she was carrying.

49.     Plaintiff's actions, as observed by Defendant Macy's Store Detective Tyina Cooper, were wholly consistent with the actions of a lawful shopper in a self service department store where the customers commonly wait until all shopping or browsing is complete to make a final purchase.

50.     Defendant Macy's Store Detective Tyina Cooper and defendant Macy's Store Detective Supervisor John Doe's basis for arresting plaintiff as stated in the criminal court complaint, was that plaintiff placed the two shirts in a bag she was holding and carried the two shirts past more than one register and moved towards another floor in the store without paying for the shirts.

51.     The facts claimed to be known to defendant Macy's Store Detective Tyina Cooper at the time she arrested and detained plaintiff are not consistent with the facts necessary to establish probable cause to arrest someone for shoplifting or any related offense, as established the New York State Courts.

52.     Defendant New York City Police Officer Joseph Puglia and defendant John Doe # 1 arrived at the holding cell area inside Macy's, where plaintiff was being held.

53.     Defendants Macy's Store Detective Tyina Cooper and Macy's Store Detective Supervisor John Doe advised defendant New York City Police Officer Joseph Puglia and defendant John Doe # 1 that plaintiff was caught shoplifting.

54.     Defendants Macy's Store Detective Tyina Cooper and Macy's Store Detective Supervisor John Doe did not tell defendant New York City Police Officer Joseph Puglia and defendant John Doe # 1 any of the facts that led them to believe that plaintiff was shoplifting.

55.     Defendant New York City Police Officer Joseph Puglia and defendant John Doe # 1 neglected to inquire into whether the Macy's employees were in possession of facts that established probable cause to arrest plaintiff.

56.     Defendant New York City Police Officer Joseph Puglia and defendant John Doe # 1 arrested plaintiff solely based upon the legal conclusion of defendants Macy's Store Detective Tyina Cooper and Macy's Store Detective Supervisor John Doe that plaintiff was caught shoplifting, and they failed to conduct any independent inquiry.

57.     Defendant New York City Police Officer Joseph Puglia and defendant John Doe # 1 failed to inquire into whether there was probable cause to believe plaintiff was shoplifting because Macy's, defendant City of New York, and the New York City Police Department had a prearranged plan, agreement, or conspiracy to arrest anyone identified by the store as a shoplifter.

58.     The prearranged plan, agreement or conspiracy between Macy's and its employees and the New York City Police Department and its employees was instituted because

Macy's and the New York City Police Department share a common goal of detaining individuals who are committing the crime of shoplifting.

59.     The information provided to defendant New York City Police Officer Joseph Puglia and defendant John Doe # 1 by defendant Store Detective Tyina Cooper and defendant Store Detective Supervisor John Doe did not establish probable cause to arrest plaintiff for any crime.

60.     Nevertheless, New York City Police Officers Joseph Puglia and John Doe # 1 removed plaintiff Stela Nicora from the holding cell, handcuffed her, and transported her to the Midtown Precinct South stationhouse.

61.     Defendant New York City Police Officer Joseph Puglia and defendant John Doe # 1 did not have probable cause to continue the detention of plaintiff Stela Nicora, based upon the information provided to them by defendants Macy's Store Detective Tyina Cooper and Macy's Store Detective Supervisor John Doe.

62.     Upon information and belief, plaintiff was transported by defendant New York City Police Officer Joseph Puglia and defendant John Doe # 1 to the Midtown Precinct South.

63.     Although the information reported to defendant New York City Police Officer Joseph Puglia and defendant John Doe # 1 did not rise to the level of probable cause, their supervisor, defendant New York City Police Sergeant Richard Roe approved and verified the arrest.

64.     Plaintiff was frisked by a female officer in the bathroom of the NYPD Precinct, fingerprinted, photographed, and placed in a holding cell by the individually named defendant New York City Police Department officers.

65.     While plaintiff was in the holding cell, the individually named defendant New York City Police Department officers, without a warrant or probable cause, obtained plaintiff's cell phone and looked at personal photos that were located on the phone.

66.     Plaintiff Stela Nicora was issued a Desk Appearance Ticket and released from the New York City Police Department Precinct at approximately 6:00 p.m. on April 6, 2010.

67.     Defendants charged plaintiff Stela Nicora with Petit Larceny (P.L. 155.25) and Criminal Possession of Stolen Property in the Fifth Degree (P.L. 165.40).

68.     As a result of the unlawful detention of plaintiff by defendants, plaintiff missed the remainder of her college classes on April 6, 2010.

69.     All charges against plaintiff were dismissed on November 9, 2010.

70.     The false arrest and false imprisonment of plaintiff by defendants Macy's, Inc., Macy's Store Detective Tyina Cooper, Macy's Store Detective Supervisor John Doe, NYPD Officer Joseph Puglia, and NYPD Police Officers John Does 1-5 and Police Sergeant Richard Roe caused plaintiff to sustain pain and suffering, as well as psychological and emotional trauma.

71.     The illegal search of the photographs on plaintiff's cellular phone without a warrant or probable cause by the individually named New York City Police Officer defendants caused plaintiff to sustain pain and suffering, as well as psychological and emotional trauma.

72.     The violation of plaintiff's right to due process by defendants Macy's, Inc., Detective Tyina Cooper and Macy's Store Detective Supervisor John Doe when they coerced and bullied plaintiff into paying Macy's five times the price of the two shirts, caused

plaintiff to sustain financial damages and physical pain and suffering, as well as psychological and emotional trauma.

73.     Defendants Macy's, Inc. and its employees have a long history of violating their customers' constitutional rights while executing the retailer's security detention procedures.

74.     On or about January 14, 2005, the Civil Rights Bureau of the Attorney General's Office in the State of New York filed a federal lawsuit against Macy's, Inc. in the Southern District of New York alleging, amongst other things, that the conduct of Macy's security employees in detaining customers' violated the customers' constitutional rights.

75.     As a result of the lawsuit, Macy's entered into a contract with the State of New York in 2005, wherein Macy's agreed to implement training and procedures for security personnel employed by Macy's, which was intended to curtail the constitutional violations that were occurring.

76.     The contract entered into between Macy's and the State of New York is publically available.

77.     Defendant City of New York and the New York City Police Department were deliberately indifferent to the evidence that security officers employed by Macy's had a long history of violating customers' constitutional rights.

78.     Rather than inquire into the factual basis for arrests and detentions of individuals detained by Macy's security for shoplifting, defendant City of New York and the New York City Police Department have a policy, practice or custom of relying upon Macy's Security Officers' legal conclusions about whether there was probable cause to arrest a customer

for shoplifting, rather than inquiring into whether there are objective facts which could establish probable cause to arrest the customer.

79.    There is a policy, practice or custom within the New York City Police Department wherein New York City Police Officers arrest individuals for shoplifting without first determining whether there is probable cause to arrest the individual.

80.    Defendant City of New York and the New York City Police Department are deliberately indifferent to the fact that New York City Police Officers rely upon legal conclusions of security officers employed by Macy's and other stores where customers are accused of shoplifting, rather than inquire into whether there are facts known to the security officer that establish probable cause to arrest the customer.

81.    As a result of defendant City of New York's deliberate indifference about the fact that New York City Police Officers routinely arrest customers of stores who are accused of shoplifting by store security without knowing whether they actually have probable cause to arrest the individual, there is a pattern, policy, custom or practice of New York City Police Officers arresting individuals for shoplifting without probable cause.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and

### Fourteenth Amendment Rights

82.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 81 with the same force and effect as if more fully set forth at length herein.

83.    Defendants Macy's Store Detective Tyina Cooper, Macy's Store Detective Supervisor John Doe, New York City Police Officer Joseph Puglia, NYPD Police Officers John

Does 1-5, and NYPD Police Sergeant Richard Roe, who were acting in concert and within the scope of their authority, denied arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States. Additionally defendants Macy's Store Detective Tyina Cooper and Macy's Store Detective Supervisor John Doe violated plaintiff's Fourteenth Amendment Right to due process when they coerced her to pay five times the amount of the cost of the two shirts she was accused of stealing. Furthermore the individually named defendant New York City police officers right to be free of an unreasonable search and seizure under the Fourth Amendment of the Constitution of the United States when they searched the contents of her cell phone without a warrant or probable cause.

## SECOND CAUSE OF ACTION

### False Arrest and  False Imprisonment

84.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 83 with the same force and effect as if more fully set forth at length herein.

85.     The acts and conduct of defendants Macy's Store Detective Tyina Cooper, Macy's Store Detective Supervisor John Doe, New York City Police Officer Joseph Puglia, NYPD Police Officers John Does 1-5, and NYPD Police Sergeant Richard Roe constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

86.     Defendants Macy's Store Detective Tyina Cooper, and Macy's Store Detective Supervisor John Doe, were at all times agents, servants, and employees acting within the scope of their employment by Macy's, which are therefore responsible for their conduct

87.     Defendants New York City Police Officer Joseph Puglia, NYPD Police Officers John Does 1-5, and NYPD Police Sergeant Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

88.     Macy's, as the employer of the defendants Macy's Store Detective Tyina Cooper, and Macy's Store Detective Supervisor John Doe, is responsible for their wrongdoing under the doctrine of respondeat superior.

89.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION

## Negligent Hiring, Retention, Training and Supervision

90.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 89 with the same force and effect as if more fully set forth at length herein.

91.     Macy's and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Macy's Store Detective Tyina Cooper, and Macy's Store Detective Supervisor John Doe, individuals who were unfit for the performance of police duties on April 6, 2010, at the aforementioned location.

92.     Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### Failure to Intervene

93.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 92 with the same force and effect as if more fully set forth at length herein.

94.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in the presence of other officers.

95.     Defendants failed to intervene to prevent the unlawful conduct described herein.

96.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was humiliated and her due process rights were violated.

97.     Defendants Macy's Store Detective Tyina Cooper, and Macy's Store Detective Supervisor John Doe were at all times agents, servants, and employees acting within the scope of their employment by Macy's, which are therefore responsible for their conduct.

98.     Macy's as the employer of defendants Macy's Store Detective Tyina Cooper, and Macy's Store Detective Supervisor John Doe, is responsible for their wrongdoing under the doctrine of respondeat superior.

99.     Defendants New York City Police Officer Joseph Puglia, NYPD Police Officers John Does 1-5, and NYPD Police Sergeant Richard Roe were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

100.   Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth and Fourteenth Amendments of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FIFTH CAUSE OF ACTION

## Negligence

101.   The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 100 with the same force and effect as if more fully set forth at length herein.

102.   Defendants Macy's Store Detective Tyina Cooper, and Macy's Store Detective Supervisor John Doe owed a duty of care to plaintiff.

103.   Defendants Macy's Store Detective Tyina Cooper, and Macy's Store Detective Supervisor John Doe breached that duty of care by unlawfully seizing and falsely imprisoning plaintiff.

104.   As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

105.   All of the foregoing occurred without any fault or provocation by plaintiff.

106.   Macy's, Inc., as the employer of the defendants Macy's Store Detective Tyina Cooper, and Macy's Store Detective Supervisor John Doe, are responsible for their wrongdoing under the doctrine of respondeat superior.

107.   Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## ELEVENTH CAUSE OF ACTION

## Negligent Infliction of Emotional Distress

108.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 107 with the same force and effect as if more fully set forth at length herein.

109.    By the actions described herein, defendants Macy's Store Detective Tyina Cooper, and Macy's Store Detective Supervisor John Doe, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff,. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

110.    As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

111.    Macy's, Inc. as the employer of the defendants Macy's Store Detective Tyina Cooper, and Macy's Store Detective Supervisor John Doe, is responsible for their wrongdoing under the doctrine of respondeat superior.

112.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## TWELFTH CAUSE OF ACTION

## Municipal Liability under 42 U.S.C. § 1983

113.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 112 with the same force and effect as if more fully set forth at length herein.

114.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of defendant City of New York, which is forbidden by the Constitution of the United States.

115.    The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department included, but were not limited to, arresting individuals for shoplifting and related offenses without probable cause, as well as inadequate screening, hiring, retaining, training, and supervising its employees with respect to this issue.

116.    The aforementioned customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the violation of plaintiff's constitutional rights as describer herein.  As a result of the failure of defendant City of New York and the New York City Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

117.    The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

118.    The foregoing customs, policies, usages, practices, procedures and rules of defendant City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

119.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully arrested.

120.    Defendants collectively and individually, while acting under color of state law were directly and actively involved in violating plaintiff's constitutional rights.

## TWELFTH CAUSE OF ACTION

### Deprivation of Substantive Due Process

121.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 120 with the same force and effect as if more fully set forth at length herein.

122.    The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

123.    As a result of the foregoing, plaintiff Stela Nicora was deprived of her liberty and right to substantive due process, causing emotional and financial injuries.

124.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourteenth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## JURY DEMAND

125.    Plaintiff hereby demands trial by jury of all issues properly triable thereby

- 20 -

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Stela Nicora shall recover compensatory damages in the sum of $1,000,000 against the individual defendants, Macy's, Inc. and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

      a.    That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

      b.    That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:      New York, New York
              November 9, 2010

By:    _David M. Hc_____
           DAVID M. HAZAN
           STUART E. JACOBS
           JACOBS & HAZAN, LLP
           Attorney for Plaintiff
           22, Cortlandt Street, 16th Floor
           New York, NY 10007
           (212) 4190363